FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA 2015 FEB -4 PM 3: 47
FT. MYERS DIVISION

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS, FLORIDA

| | |
|---|---|
| MARCO CANVAS & UPHOLSTERY, LLC, a Florida limited liability company and EDWARD J. SKRZYNSKI, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> MARINE CONCEPTS, LLC, a Missouri limited liability company, and RANDY KENT, an individual, <br><br> Defendants. | Case No. <br><br> 2:15-cv-66-FtM-38 DNF |

## COMPLAINT AND DEMAND FOR JURY TRIAL

COME NOW Plaintiffs, Marco Canvas & Upholstery, LLC ("Marco Canvas") and Edward J. Skrzynski ("Skrzynski") (collectively "Plaintiffs"), and for their causes of action allege as follows:

### PARTIES

1. Plaintiff Marco Canvas is a Florida limited liability company with its only place of business at 991 Chalmers Drive, Marco Island, Florida 34145. Plaintiff Skrzynski is the managing member of Marco Canvas. Skrzynski is a Florida citizen having his residence at Marco Island, Florida.

2. Defendant Marine Concepts, LLC ("Marine Concepts") is a Missouri limited liability company with a principal place of business at 501 Highway J, Osage Beach, Missouri 65065. Defendant Randy Kent ("Kent") is the president of Marine Concepts. On information and belief, Kent is a Missouri citizen having a residence at 1503 Sugarland Parkway, Pleasant Hill, MO 64080.

## JURISDICTION AND VENUE

3. This dispute relates to (i) a non-disclosure agreement between Marine Concepts and Marco Canvas; and (ii) U.S. Patent No. 8,783,276 for a boat covering system and related patent applications.

4. This action arises and is brought under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.

5. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 [Federal], 1338 [Patent], 1367, and 2201-2202.

6. This court has personal jurisdiction over Defendants pursuant to the provisions of the Florida Long Arm Statute, Florida Stat. § 48.193, and the laws of the United States. Upon information and belief, Defendants have (a) engaged in business in Florida and (b) committed a tortious act within Florida.

7. This court also has personal jurisdiction over Defendants pursuant to Florida Stat. § 685.102 because Kent, on behalf of Marine Concepts, signed a Nondisclosure and Confidentiality Agreement with Marco Canvas "governed by the laws of the State of Florida" whereby "[t]he parties agree that jurisdiction is proper in Collier County, Florida." Exhibit 1.

8. Venue is proper in this Court under 28 U.S.C. § 1391(b) because, on information and belief, a substantial part of the events giving rise to these events occurred in this district.

## FACTUAL ALLEGATIONS AND BACKGROUND

9. In 2009, Skrzynski was referred to Kent as someone who could help with Skrzynski's use of equipment and software for digital templates and CNC textile cutting and marking.

10. In July 2009, after their initial contact, Kent emailed photographs of his prior art suspended boat covers being sold by Marine Concepts to Skrzynski trying to sell Skrzynski on Marco Canvas becoming a licensed distributor of Marine Concepts' suspended boat covers.

11. Skrzynski had recognized a deficiency in prior art suspended boat covers, i.e., that they could only be used in boathouses, which were scarce in Florida. Skrzynski and Rodney Bonard ("Bonard") developed an improvement over the prior art suspended boat covers that allowed them to be used without a boathouse.

12. Marco Canvas and Marine Concepts executed a Nondisclosure and Confidentiality Agreement ("NDA") in Marco Island, Florida on October 17, 2009. Exhibit 1.

13. On October 17, 2009, after executing the NDA, Skrzynski met with Kent in Marco Island, Florida to discuss digitizing boat covers and awnings. During the meeting, Skrzynski disclosed details of his improvement to prior art suspended boat covers, which allowed them to be used without a boathouse.

14. On November 24, 2009, Skrzynski and Bonard filed a provisional patent application, U.S. Application No. 61/264,118 ("the '118 application"), for a suspended boat covering system (the "Invention").

15. On November 24, 2010, Skrzynski filed U.S. Patent Application No. 12/954,559 ("the '559 application"), which claimed priority to the provisional patent application.

16. An assignment of the '559 application to Marco Canvas was recorded in the U.S. Patent and Trademark Office on April 23, 2014.

17. On July 22, 2014, the '559 application issued as U.S. Patent No. 8,783,276 ("the '276 patent"). Exhibit 2.

18. On March 15, 2013, Kent filed a petition with the U.S. Patent and Trademark Office alleging that he should have been listed as a co-inventor on the '559 application and requested that he be added as a co-inventor.

19. At great expense, Plaintiffs opposed the improperly filed petition and subsequent briefing submitted by Kent. Ultimately the Patent Office denied Kent's petition and refused to add him as a co-inventor on the '559 application.

20. On May 20, 2014, Skrzynski filed U.S. Patent Application No. 14/282,001 ("the '001 application"), which was a continuation of the '276 patent and claimed priority to the provisional patent application.

21. On October 28, 2014, Kent again filed a petition with the Patent Office alleging that he should have been listed as a co-inventor on the '001 application and requested that he be added as a co-inventor.

22. At great expense, Plaintiffs again opposed the improperly filed petition and subsequent briefing submitted by Kent. The petition is still pending before the Patent Office but Plaintiff fully expects it to be denied in the near future.

23. On October 21, 2014, Marine Concepts filed suit against Plaintiffs in the Western District of Missouri, Case No. 2:14-cv-04280, alleging that Plaintiffs breached the NDA, misappropriated their trade secrets, and correction of inventorship on Plaintiffs' patents.

24. On January 18, 2015, the District Court for the Western District of Missouri dismissed Defendants' lawsuit for lack of personal jurisdiction over Marco Canvas and Skrzynski.

25. Under the circumstances, a controversy of sufficient immediacy and reality exists with respect to the Invention, the parties' respective rights under the NDA, and allegations of co-

inventorship of the '276 patent and the related '001 application to warrant the issuance of a declaratory judgment.

26. Therefore, there exists an actual and justiciable controversy between Plaintiffs and Defendants regarding whether (a) Plaintiffs are violating any obligations or rights claimed by Defendants; and (b) whether Kent is a co-inventor of the '276 patent and the related '001 application.

27. The injuries suffered by Plaintiffs (a) can be fairly traced to Defendants' actions, and (b) are likely to be redressed by a favorable decision.

## COUNT I

### (Declaratory Judgment That Kent Is Not A Co-Inventor)

28. Plaintiffs incorporate by reference the allegations set forth in the preceding paragraphs 1-27, as though fully set forth herein.

29. Skrzynski and Bonard conceived of the claimed Invention before receiving any information from Kent and without collaborating with Kent.

30. After Skrzynski communicated the Invention to Kent during an in-person meeting under the Non-Disclosure Agreement, Kent hand replicated a drawing describing the invention as disclosed to him by Skrzynski.

31. At no time did Kent disclose any of the features of the Invention described in the drawing, or otherwise, to the inventors of the Invention. Instead, the Invention was taught by Skrzynski to Kent.

32. Kent is not a co-inventor of the '276 patent and/or any related application or patent because he failed to conceive any aspect of the claimed Invention in collaboration with the named inventors, and he should not be added to the '276 patent as an inventor pursuant to 35

U.S.C. § 256. Further, Kent should not be added to any patent applications forming the basis of the '276 patent, including the '118 and '559 applications, as well as any patent applications continuing from those applications including, but not limited to, the '001 application.

## COUNT II

### (Declaratory Judgment of No Breach of Confidentiality)

33.  Plaintiffs incorporate by reference the allegations set forth in the preceding paragraphs 1-27, as though fully set forth herein.

34.  Plaintiffs did not breach any contractual or other confidential obligation owed to Defendants when they (i) allowed the '559 application to be published by the U.S. Patent and Trademark Office, (ii) obtained the '276 patent and/or any related application or patent; (iii) made products pursuant to the '276 patent and/or any related application or patent; or (iv) for any other reason.

## COUNT III

### (Declaratory Judgment of No Trade Secret Misappropriation)

35.  Plaintiffs incorporate by reference the allegations set forth in the preceding paragraphs 1-27, as though fully set forth herein.

36.  Plaintiffs did not misappropriate any trade secrets of Defendants when they (i) allowed the '559 application to be published by the U.S. Patent and Trademark Office, (ii) obtained the '276 patent and/or any related application or patent; (iii) made products pursuant to the '276 patent and/or any related application or patent; or (iv) for any other reason.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs Marco Canvas & Upholstery, LLC and Edward J. Skrzynski pray for entry of judgment in their favor and against Defendants Marine Concepts and Randy Kent as follows:

a) Enter judgment for Plaintiffs on all claims;

b) Declare that Plaintiffs did not misappropriate any trade secrets of Defendants;

c) Declare that Plaintiffs did not breach any contractual or other confidential obligations owed to Defendants;

d) Declare that (i) Kent is not a co-inventor of the '276 patent because he failed to conceive of any aspect of the claimed Invention in collaboration with the named inventors, and that he should not be added to the '276 patent as an inventor pursuant to 35 U.S.C. § 256; and (ii) Kent should not be added to any patent applications forming the basis of the '276 patent, including the '118 and '559 applications, as well as any patent applications continuing from those applications including, but not limited to, the '001 application;

e) Enter a preliminary and permanent injunction against Defendants barring them from filing any further petitions or other documents with the U.S. Patent and Trademark Office related to the inventorship of the '276 patent, the '118 provisional patent application, the '559 and '001 applications, or any other patent or application of Plaintiffs;

f) Declare the case exceptional under 35 U.S.C. § 285;

g) Award Plaintiffs their reasonable attorneys' fees and costs;

h) Award Plaintiffs all such other and further relief, at law or equity, as the Court shall deem just.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs request a trial by jury of all issues so triable in this action.

Respectfully submitted,

By: /s/ Kevin P. Fularczyk
Kevin P. Fularczyk (Fl. Bar No. 723967)
kfularczyk@hahnlaw.com
Justin B. Mazzara (Fl. Bar No. 0036217)
jmazzara@hahnlaw.com
HAHN LOESER & PARKS LLP
2400 First Street, Suite 300
Fort Myers, FL 33901
Telephone: (239) 337-6700
Facsimile: (239) 337-6701

R. Eric Gaum (Ohio Bar No. 0066573)
(*pro hac vice* application to be filed)
regaum@hahnlaw.com
HAHN LOESER & PARKS LLP
One GOJO Plaza, Suite 300
Akron, Ohio 44311-1076
Telephone: (330) 864-5550
Facsimile: (330) 864-7986

Charles W. Pugh (Ohio Bar No. 0078145)
(*pro hac vice* application to be filed)
cpugh@hahnlaw.com
HAHN LOESER & PARKS LLP
200 Public Square, Suite 2800
Cleveland, OH 44114
Telephone: (216) 621-0150
Facsimile: (216) 241-2824

*Attorneys for Plaintiffs Marco Canvas & Upholstery, LLC and Edward J. Skrzynski.*